HALL, Judge.
Eileen Gayle Leitz, minor daughter of August A. Leitz, while driving alone in her father’s automobile ran off the end of a newly constructed street and into a sand pile receiving injuries to her nose and face and damaging the car.
August A. Leitz, individually and as administrator of the estate of his said minor daughter, Eileen, filed suit under the docket No. 104-981 of the Trial Court seeking damages for his daughter’s injuries and special damages sustained by him consisting of medical expenses and the $100.00 deductible portion of his automobile collision insurance. Made solidary defendants in this suit were: Donald G. Lambert d/b/a Donald G. Lambert Contractor; Donald G. Lambert Contractor, Inc.; The Parish of Jefferson and its liability insurer, Fireman’s Fund Insurance Company.
The defendants, Donald G. Lambert d/b/a Donald G. Lambert Contractor and Donald G. Lambert Contractor, Inc., filed a general denial to the Leitz suit and averred that the accident was due solely to the negligence of plaintiff’s minor child, Eileen, or alternatively to contributory negligence on her part. The defendant Parish of Jefferson and its insurer answered averring negligence or in the alternative contributory negligence on the part of Eileen, and coupled.with their answer a third-party-demand against Donald G. Lambert, Donald G. Lambert Contractor, Inc., and their insurer, Maryland Casualty Company seeking judgment in solido against them for the full sum of any judgment which might be rendered against third-party plaintiffs in favor of August A. Leitz plus the sum of $2,500.00 as attorney’s fees, costs and expenses incurred and to be incurred by them in defense of plaintiffs’ suit by reason of the failure of Donald G. Lambert to maintain public liability insurance for the protection of the Parish as provided in the construction contract.
The Leitz suit (No. 104-981) was consolidated for trial with a suit brought against the same defendants by Houston Fire and Casualty Insurance Company, subro-gated collision insurer of the Leitz vehicle, in which it seeks reimbursement for the amount paid by it to August A. Leitz for the damage to his automobile. This suit bears the No. 104-982 of the docket of the Trial Court. The answers filed by the defendants to this suit are in all material respects similar to the ones filed by them to the Leitz suit, and a third-party petition similar in all material respects to the one filed by them in the Leitz case was filed by the Parish of Jefferson and its insurer, *4 Fireman’s Fund Insurance Company in which they seek judgment against the same third-party defendants in solido for the full amount of any judgment which might be rendered against them in this suit plus the sum of $500.00 as attorney’s fees, costs and expenses incurred and to be incurred by them in defense of this suit.
Following trial of the consolidated cases on the merits the Trial Judge found that “The proximate cause of the accident was the carelessness of Miss Leitz in failing to pay proper attention, and in not keeping her vehicle under proper control” and rendered a separate judgment in each case.
In the Leitz case (No. 104-981) judgment was rendered in favor of all defendants dismissing the suit of the plaintiff, August A. Leitz, at his cost. Further judgment was rendered therein in favor of the third-party defendants dismissing the demands of the third-party plaintiffs at their costs.
In the other case (No. 104-982) judgment was rendered in favor of all defendants dismissing Houston Fire and Casualty Insurance Company’s suit at its cost and also dismissing the third-party demand of the Parish and its insurer.
The plaintiffs in both cases appealed.
The accident in which Miss Leitz was injured occurred on Clearview Avenue, a newly constructed street in the Parish of Jefferson, which runs between Lake Pontchartrain on the north to the West Esplanade Canal on the south and is a two way boulevard divided by a neutral ground. The avenue was constructed by Donald G. Lambert d/b/a Donald G. Lambert Contractor (later incorporated under the name Donald G. Lambert Contractor, Inc.) under contract with the Parish of Jefferson. As of the date of the accident (April 24, 1966) the contractor had completed his contract but the work had not been formally accepted by the Parish. However it is clear that the street had actually been opened to traffic since the month of January and building permits had been issued necessitating use of the road.
As of the date of the accident the south end of the northbound roadway of Clear-view Avenue connected with a bridge spanning the West Esplanade Canal.
However the bridge was very narrow and its width did not extend opposite the southbound roadway. For this reason the concrete of the southbound roadway ended a short distance from the canal and a white clam shell road was constructed which angled to the left from the southbound roadway into the northbound roadway in order that southbound traffic could traverse the bridge. Approximately two car lengths south of the end of the concrete of the southbound roadway the contractor had left a large pile of sand approximately five feet in height and five to ten yards in width and had placed an unpainted barrier in front of it. However there was no barrier across the end of the concrete and no signs had been placed along the southbound roadway indicating the left curve into the shell road. There were no street lights and no lights on the barrier in front of the sand pile.
On the day of the accident Miss Leitz (aged 18) together with two of her friends had been building a raft on the levee at Lake Pontchartrain and was on her way home at the time the accident occurred. She had been informed by a friend several days prior to this that Clearview Avenue had been opened to traffic so she decided to take this street as it was a shorter way to her home. She testified that as she was proceeding south on Clearview Avenue at about twenty to twenty-five miles an hour she ran over a small pile of sand that had apparently fallen into the street from the neutral ground. This caused her new guitar which she had in the back seat of the car to fall against the side of the car. When she heard the noise of the guitar falling she looked into the back to check it. She testified that this incident occurred from one to one and one-half blocks from the scene of the accident. Thereafter she proceeded on her way at twenty to twenty-five miles per hour and failing to see that *5 the concrete roadway on which she was travelling ended and that a shell road angled off to her left she drove her car off the end of the concrete and crashed into the sand pile.
The accident happened about 7:00 P.M. Miss Leitz had her lights on at the time but testified she could see more than 54 of a city block (she also testified U/2 to 2 blocks) without lights and that it was that time of the evening one could see with or without lights. Nevertheless Miss Leitz testified that she saw the sand pile “just about the moment I hit it.”
Despite the good visibility and the fact that she was driving only twenty to twenty-five miles per hour Miss Leitz failed to see the white clam shell road or the sand pile.
At the trial Mr. Meeks, the Deputy Sheriff who investigated the accident, testified that he himself was almost involved in a similar accident at the same place just two days prior to the accident in question here. Despite the fact that he was on patrol requiring surveillance of the area while driving and despite the fact that it was 10 o’clock at night when the area was completely dark except for that portion illuminated by his headlights Mr. Meeks still managed to stop his vehicle four feet short of the end of the concrete. He testified he was traveling twenty to twenty-five miles per hour at the time but was able to see the sand barricade approximately fifty to sixty feet in front of him and apply his brakes in time to stop short of the end of the roadway. Miss Leitz was traveling at the same speed with clear visibility of over a block yet she drove off the end of the concrete onto rough ground and hit the sand pile without ever applying her brakes.
We adopt as our own the following language quoted from the written “Reasons for Judgment” given by the Trial Judge in the Leitz case (No. 104 — 981):
“Insofar as plaintiff’s case is concerned, irrespective of possible negligence on the part of the Parish or the road contractor, it must first be determined whether or not Miss Leitz was contribu-torily negligent. She contends that she noticed sand spilling into the roadway from the neutral ground and in one instance the sand went completely across the roadway. She also knew that the street had been recently opened. She testified that she had a new guitar in the back of the car and in going over one of the bumps, caused by the sand pile, the guitar became dislodged and fell to the floor of the automobile whereupon she looked back to ascertain whether or not it was damaged. She contends that this occurred approximately one block from the scene of the accident.
“In corroboration of the allegation of the dangerous condition of the roadway, plaintiff offered the testimony of a Deputy Sheriff for the Parish of Jefferson. The deputy testified to the lack of warning markers and the fact that he, in driving over the same area a few nights previous to the accident, noted that the pavement stopped, whereupon he applied his brakes and stopped his vehicle before reaching the end of the paved portion of the roadway.
“It is noted that the police officer was able to stop his car on the paved portion of the roadway. The Court sees no reason why, irrespective of the lack of signs, that plaintiff’s daughter did not see the end of the pavement, the sand pile and the barrier in ample time to avoid the accident. Her visibility, according to her testimony, was more than one block.
“The proximate cause of the accident was the carelessness of Miss Leitz in failing to pay proper attention, and in not keeping her vehicle under proper control.
“Attorneys’ fees are claimed by the attorney for the liability insurer of the Parish under the allegations that the contractor violated his contractural obligation to furnish insurance for the protection of the Parish * * *

*6 “The contractor obtained a Certificate showing his insurance coverage and submitted it to the Parish. The certificate contained the name of the insured and the type and number of each policy. Obviously it was accepted by the Parish as being in compliance with the contract as the evidence does not reveal any demands were made on the contractor for additional insurance but on the contrary reveals that work proceeded under the contract. It is now too late to raise the question of sufficiency of the insurance coverage.”
The same reasons apply to suit No. 104-982 filed by Houston Fire and Casualty Company since it filed suit as the subrogee of August A. Leitz and stands in his shoes.
We note in passing that the attorneys representing the third-party plaintiffs in both cases have made no contention in this Court with respect to attorney’s fees.
For the foregoing reasons both judgments appealed from are affirmed; each appellant to bear the cost of his (or its) appeal.
Affirmed.