732 So.2d 551 (1999)
Rhonda CREWS
v.
Jaime Michelle BABIN, et al.
No. 98-CA-931.
Court of Appeal of Louisiana, Fifth Circuit.
March 10, 1999.
Wayne M. LeBlanc, Metairie, Louisiana, Attorney for Defendant/Plaintiff-In-Reconvention Appellant, Jaimie Michelle Babin.
James S. Rees, III Simon, Rees & Simon, Covington, Louisiana, Attorneys for Appellants, Allstate Insurance Company and Jaime Michelle Babin.
Darryl J. Carimi, Metairie, Louisiana, Attorney for Appellee, Rhonda Crews.
Kenneth Randal Evans, Karen M. Dicke, Evans & Clesi, PLC, New Orleans, Louisiana, Attorneys for Appellee, State Farm Mutual Automobile Insurance Company.
Sheryl M. Howard, Law Offices of Richard E. Briston, Jr., New Orleans, Louisiana, Attorney for Defendant-In-Reconvention/Appellee, Allstate Insurance Company.
Panel composed of Judges H. CHARLES GAUDIN, MARION F. EDWARDS and SUSAN M. CHEHARDY.
*552 CHEHARDY, Judge.
In this lawsuit, plaintiff and defendant were involved in an intersectional automobile accident. The case was bifurcated and the matter proceeded to a bench trial on the issue of liability only. The trial court found defendant 100% liable and plaintiff free from fault. In an amended judgment, the trial court dismissed defendant's re-conventional demand. For the following reasons, we amend the trial court's original judgment to assess 75% fault to defendant and 25% to plaintiff, vacate and set aside the amended judgment, and remand.
On August 21, 1995, plaintiff, Rhonda Crews, was traveling west on Waverly Street, approaching its intersection with Houma Boulevard, in Jefferson Parish, Louisiana. The intersection is normally controlled by a four-way stop. After stopping, Ms. Crews proceeded into the intersection, when her vehicle was struck on the front, passenger side by a vehicle being driven by defendant, Jaime Michelle Babin. Ms. Babin was traveling south on Houma Boulevard, and for unknown reasons, the stop sign which should have controlled her movement was missing.
On July 19, 1996, Ms. Crews filed suit against Ms. Babin and her liability insurer, Allstate Insurance Company, for personal injuries alleged to have resulted from the accident. Ms. Babin answered suit and filed a reconventional demand against Ms. Crews, her liability insurer, State Farm Mutual Automobile Insurance Company, the Parish of Jefferson, and Ms. Babin's uninsured/underinsured motorist carrier, Allstate. In her reconventional demand, Ms. Babin alleged that since there was no stop sign to control her movement, the accident was caused by the negligence of plaintiff, for failing to yield, and the Parish of Jefferson, for failing to maintain the stop sign. Thereafter, Ms. Crews amended her petition to include the Parish of Jefferson as a defendant.
After the discovery phase, on March 16, 1998, the Parish of Jefferson was granted a summary judgment, dismissing all claims against it, as the trial court found that the Parish did not have constructive notice that the stop sign was missing. On March 27, 1998, by stipulation of the parties, the matter was bifurcated and proceeded to a bench trial on the issue of liability only. After hearing testimony from both parties, the investigating officer, and other ancillary witnesses, the trial court took the matter under advisement. On April 15, 1998, the trial court rendered a "judgment and reasons," finding that Ms. Babin was 100% liable in causing the accident and that Ms. Crews was free from fault. On April 22, 1998, the trial court rendered a "supplemental and amended judgment and reasons," dismissing Ms. Babin's reconventional demand with prejudice.
Ms. Babin and her insurer, Allstate, have appealed. Ms. Babin and Allstate have filed separate briefs and have asserted several assignments of error. We will not address each one individually, as all assignments address one specific issue, whether or not the trial court erred in its apportionment of fault.
It is well settled that a court of appeal may not disturb findings of fact in the absence of manifest error or unless they are clearly wrong. Stobart v. State, Through D.O.T.D., 617 So.2d 880 (La. 1993); Rosell v. ESCO, 549 So.2d 840 (La. 1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Likewise, because apportionment of fault is a finding of fact, the manifestly erroneous/clearly wrong standard is applicable in reviewing apportionments of fault. Brown v. Beauregard Elec. Co-op., Inc., 94-512 (La.App. 3 Cir.12/14/94), 647 So.2d 668.
Liability for fault is subject to a risk-duty analysis based on the following considerations as outlined in Mart v. Hill, 505 So.2d 1120, 1122 (La.1987):
(1) Was the conduct in question a cause-in-fact of the resulting harm?
(2) What, if any, duties were owed by the respective parties?
(3) Were the requisite duties breached?

*553 (4) Was the risk, and harm caused, within the scope of protection afforded by the duty breached?
In determining apportionment of fault, the court should consider the conduct of each party at fault and the extent of the causal relation between the conduct and the damages. The factors to be considered include: (1) whether the conduct resulted from inadvertence or involved an awareness of the danger; (2) how great a risk was created by the conduct; (3) the significance of what was sought by the conduct; (4) the capacities of the actor, whether superior or inferior; and (5) any extenuating circumstances which might require the actor to proceed in haste, without proper thought. Watson v. State Farm Fire and Cas. Ins. Co., 469 So.2d 967 (La.1985).
At trial, plaintiff, Ms. Crews, testified that she was very familiar with the intersection where the accident took place, as it was around the corner from her office and she traveled through the intersection at least twice each working day. Ms. Crews also testified that just prior to the accident, she came to a complete stop at her stop sign, looked both ways, and seeing no vehicles, entered the intersection at a normal rate of speed. She further testified that she traveled about a car length into the intersection when she heard the sound of a car to her right, looked in that direction, and saw Ms. Babin's vehicle just before it made contact with her car. Ms. Crews testified that there was nothing she could do to avoid the accident.
Ms. Babin testified at trial that she was driving her brother to the orthodontist at the time of the accident. Although she had been to the orthodontist herself when she was younger, her mother always drove. Ms. Babin testified that she had driven in the area only a couple of times over the previous few years and was not aware that there should have been a stop sign controlling her movement on Houma Boulevard. She also testified that she turned onto Houma Boulevard one block prior to its intersection with Waverly Street, and that she was traveling approximately 20-25 miles per hour as she approached the intersection. Ms. Babin further testified that she saw Ms. Crews' vehicle approach the intersection ahead of her to her left, but that Ms. Crews only slowed her vehicle down, and did not stop, before proceeding into the intersection. When she realized Ms. Crews was not stopping, Ms. Babin testified that she slammed on her brakes, but could not avoid the collision.
In the trial court's April 15, 1998 "judgment and reasons," it points out that Ms. Babin testified at trial that as she approached the intersection, she saw the back of the stop sign on the opposite side of the intersection from her (i.e., the stop sign for north-bound traffic on Houma Boulevard). The "judgment and reasons" also states that Ms. Babin testified that she saw Ms. Crews' stop sign to her left and also saw the small "all way" sign on the pole in front of her, which was below where her own stop sign should have been. For these reasons, the trial court concluded that it was unreasonable for Ms. Babin to not realize that she should have had a stop sign, and that Ms. Babin was unreasonable in failing to stop.
The only discrepancy in the factual findings by the trial court which is not revealed in the record is the statement by Ms. Babin that she saw the "all way" sign below where her stop sign should have been. At trial, when Ms. Babin was asked if she saw the back of the stop sign across the intersection from her, she initially testified that she "could" see it, but that, at that time, she did not recall seeing it. Later in her testimony, Ms. Babin stated that from approximately one-half block before the intersection she saw two stop signs, Ms. Crews' stop sign to her left and "the one straight across." However, when asked about seeing the "all way" sign prior to the accident, Ms. Babin stated she did not see it.
*554 We find, as the trial court did, that Ms. Babin did not act as a reasonably prudent driver when approaching the intersection without slowing down (until it was too late), after noticing the back of the stop sign across the intersection from her and Ms. Crews' vehicle approaching the intersection before her to her left. We also find that Ms. Babin had a duty to proceed with caution through the intersection (with or without a stop sign), and that had she been more attentive, she would have concluded that the intersection was a four-way stop.
However, we find that the trial court was manifestly erroneous in finding Ms. Crews entirely free from fault. Ms. Crews had a duty not only to stop at the stop sign; she also had a duty to make sure after stopping that it was safe to proceed. While she testified that she looked both ways before entering the intersection, Ms. Crews should have seen Ms. Babin's vehicle approaching to her right. Ms. Crews testified that she did not see any vehicles to her right before proceeding into the intersection.
While we find that the majority of the fault lies with Ms. Babin, the facts are clear and undisputed that at the time of the accident there was no stop sign directing Ms. Babin to stop. Under these circumstances, it was manifestly erroneous to find Ms. Babin 100% at fault.
With regards to appellate review of a fact-finder's apportionment of fault, in Clement v. Frey, 95-1119 (La.1/16/96), 666 So.2d 607, 609, the Louisiana Supreme Court held that the standard of review is essentially identical to that used to review damage awards, reiterating that
"[o]nly after making the finding that the record supports that the lower court abused its much discretion can the appellate court disturb the award, and then only to the extent of lowering it (or raising it) to the highest (or lowest) point which is reasonably within the discretion afforded that court." [Citing Coco v. Winston Industries, Inc., 341 So.2d 332, 335 (La.1976)] "It is never appropriate for a Court of Appeal, having found that the trial court has abused its discretion, simply to decide what it considers an appropriate award on the basis of the evidence." Id.

Having found that the trial court abused its discretion, and considering all of the factual circumstances of this case, we find that the highest percentage of fault the trial court could reasonably assess to Ms. Babin is 75%. Correspondingly, we find that the lowest percentage of fault the trial court could reasonably assess to Ms. Crews is 25%. We therefore amend the trial court's April 15, 1998 judgment accordingly.
With regards to the trial court's April 22, 1998 "supplemental and amended judgment and reasons," pursuant to La. C.C.P. art.1951, a final judgment can only be amended to alter its phraseology, not its substance, or to correct errors of calculation. Since the April 22, 1998 amended judgment sought to add the dismissal of defendant's reconventional demand to the April 15, 1998 judgment, thereby altering the original judgment's substance, the amended judgment is without effect, and is therefore vacated and set aside. Furthermore, because we find that Ms. Crews is not free from fault for the August 21, 1995 accident, Ms. Babin's reconventional demand remains viable, subject to our finding of her 75% liability.
For the foregoing reasons, we hereby amend the trial court's original April 15, 1998 judgment to find plaintiff, Rhonda Crews, 25% liable and defendant, Jaime Michelle Babin, 75% liable, and affirm the judgment as amended. The trial court's amended judgment of April 22, 1998 is hereby vacated and set aside. This matter is remanded to the trial court for further action consistent with this opinion.
ORIGINAL JUDGMENT AFFIRMED AS AMENDED; AMENDED JUDGMENT *555 VACATED AND SET ASIDE; REMANDED.